# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**BOBBY KIRK**                                                                                    **PLAINTIFF**

**VERSUS**                                               **CIVIL ACTION NO. 2:08cv267KS-MTP**

**NOBLE DRILLING (U.S.), INC.; NOBLE DRILLING SERVICES, INC.; NOBLE DRILLING CORP.; NOBLE INTERNATIONAL, LTD.; AND JOHN DOES ABC AND DEF**     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Remand **[#4]** filed by the plaintiff. The court, having reviewed the motion, the response, the pleadings and exhibits on file, and being otherwise fully advised in the premises finds that the motion is not well taken and should be denied. The court specifically finds as follows:

## FACTUAL BACKGROUND

On December 11, 2006, the plaintiff, Bobby Kirk ("Kirk"), was employed by the defendants and was permanently assigned as a member of the crew on WHP-5-QG 11, North Field Qatar, on the rig known as JIMMY PUCKETT. The plaintiff has asserted that the JIMMY PUCKETT was a "vessel" within the meaning of the Jones Act and general maritime law, and Kirk was a "seaman" under the meaning of the Jones Act and general maritime law. While Kirk was allegedly in the course and scope of his employment, he struck his hard hat on a horizontal bleed-off line from Mud Pump #1, allegedly sustaining serious and permanent injuries as a result of the incident.

On June 23, 2008, the plaintiff filed a Complaint in the Circuit Court of Forrest County, Mississippi asserting claims which arise under the Jones Act, Title 46 U.S.C. § 688, and under admiralty and general maritime law, 28 U.S.C. § 1333, claiming that the vessel JIMMY PUCKETT was unseaworthy.  Kirk also asserted claims of common law negligence, contractual claims for maintenance and cure, and claims for breach of an alleged  contract entered by the parties "after the subject incident."  On December 5, 2008, the defendants filed a Notice of Removal and removed this case to this court.

Despite the plaintiff's Jones Act claims, the defendant removed this action asserting that removal was proper pursuant to 28 U.S.C. § 1441(c), which permits removal of an otherwise unremovable claim under 28 U.S.C. § 1445(a) when the unremovable claim is joined with an otherwise removable "separate and independent" claim.  Specifically, the defendants contend that the plaintiff has stated a contractual claim for maintenance and cure and a claim for breach of the alleged post incident contract which are separate and independent from the Jones Act claim.  Based on these asserted separate and independent claims, the defendants contend that jurisdiction is proper here pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and more than $75,000 in controversy.

The defendants also assert that the case is removable pursuant to 28 U.S.C § 1441(b) as plaintiff's admiralty and general maritime claims under 28 U.S.C. § 1333(1)'s "savings to suitors" clause are removable where there is diversity and more than $75,000 in controversy, even in the presence of a Jones Act claim.  Additionally, the defendants assert that the case is removable under § 1441(d) as the court has "alienage" jurisdiction under 28 U.S.C. § 1332(a)(2).  That section confers the power to

assert jurisdiction over suits between a U.S. citizen (the plaintiff) and a citizen of a foreign state (Noble International Limited) where there is complete diversity and more than $75,000 in controversy. Defendant Noble International Limited is incorporated in the Cayman Islands and has its principal place of business in Qatar, and has, thus, invoked the court's "alienage" jurisdiction.

## STANDARD OF REVIEW - REMAND

The Fifth Circuit has consistently held that the party urging jurisdiction upon the District Court bears the burden of demonstrating that the case is one which is properly before that Court. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979); *Ray v. Bird & Son and Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir. 1975). Even though this Court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" *England v. Louisiana Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other citations omitted). Chief Justice Marshall wrote in *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

## ANALYSIS

Generally, a Jones Act claim filed in state court is not removable. 28 U.S.C. §. 1445(a); 46 U.S.C. § 688 (making statutes modifying remedies of railway employees

applicable to seamen).  However, under certain circumstances, Congress has provided an otherwise non-removable claim may be removed by the defendants to the district court in the place where the action is pending.  *See generally,* 28 U.S.C. §1441.

**<u>Separate and Independent Claims</u>**

Jones Act claims may be removed from state to federal court when joined with claims arising under federal law (§ 1331) which are deemed "separate and independent" from the Jones Act claims.  28 U.S.C. §1441(c). Section §1441(c) permits removal of an otherwise non-removable action filed in state court and provides that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims, or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, remand all matters in which state law predominates. "

The defendants argue that Kirk makes two claims that are "separate and independent" from his Jones Act claim: (1) his contractual claim for maintenance and cure and (2) his claims for breach of contract entered into by the parties after the accident.  The plaintiff contends that this argument is without merit and the removal is improper under § 1441(c).

The defendants first argue that the plaintiff's claim for maintenance and cure is independent of his Jones Act claim, citing *Howard v. Transworld Drilling Co.*, 592 F.Supp. 1305 (W.D. La. 1984).  However, according to the plaintiff, the defendants ignore binding Fifth Circuit precedent holding that claims for maintenance and cure are

not "separate and independent" from the Jones Act claims for removal purposes and cite *Addison v. Gulf Coast Contracting Services, Inc.*, 744 F.2d 494 (5th Cir. 1984). In *Addison*, the plaintiff filed claims under the Jones Act and general maritime law. The defendant removed the case to federal court and the district court allowed removal because it found that the maintenance and cure claim was separate and independent from the Jones Act claim.

On appeal, the Fifth Circuit reversed the district court and held that the case was not properly removed and should have been remanded to state court. The court noted that § 1441(c) permits removal of an entire case "whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action." 744 F.2d at 498. In concluding that the case was not removable, the court found that the plaintiff had received only one injury, he sought compensation for that particular injury, his injury arose from a singular occurrence and his maintenance and cure claims and Jones Act claims involved substantially the same facts. *Id.* at 500. The same is true here.

As to breach of the alleged contract to provide enhanced benefits, the court concludes such does not provide a basis for removal either. It is not a claim arising under federal law which is sufficiently independent of the underlying Jones Act claim to warrant an assertion of jurisdiction by this court. Indeed, it is dependent on the Jones Act claim for its very viability, notwithstanding the different legal theories undergirding each of the claims. *See Addison*, 744 F.2d at 500-501. Thus, the court concludes that § 1441(c) does not provide a basis to support removal of this case.

**"Arising Under" and Diversity Jurisdiction**

Section 1441(b) provides that any civil action of which the federal courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. This is the court's federal question jurisdiction as codified in 28 U.S.C. § 1331. The diversity jurisdiction of the court is codified in 28 U.S.C. § 1332 and is also addressed in §1441(b) which provides "[a]ny other such action shall be removable only if none of the defendants are citizens of the State in which the action is brought." Thus removal of Jones Act claims filed in state court is proper under § 1441(b) where the complaint at issue also includes claims within the exclusive jurisdiction of the federal courts (§1331), or, if federal jurisdiction is non-exclusive, there is complete diversity of citizenship (§1332).

In order for the court to properly entertain removal jurisdiction pursuant to 28 U.S.C. § 1441(b) under federal question auspices, the cause of action must be one which arises "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A suit arises under federal law if some substantial, disputed question of federal law appears on the face of the well pleaded complaint. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983). "A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is 'an element, and an essential one, of the plaintiff's cause of action.'" *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362 , 366 (5th Cir. 1995)(quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 111, 57 S. Ct. 96, 97, 81 L. Ed. 70 (1936)).

**General Admiralty and Maritime Claims**

Title 28 U.S.C.A. § 1333 provides in pertinent part that

> The district courts shall have original jurisdiction, exclusive of courts of the states of
>
> > (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they otherwise are entitled.

This grant of jurisdiction, however, is not one which arises under federal law so as to imbue the federal courts with exclusive jurisdiction. *See Romero v. International Terminal Operating, Co.* 358 U.S. 354, 378, 79 S.Ct. 468, 483, 3 L.Ed.2d 368 (1959). Regardless, the so-called "savings to suitors" clause permits plaintiffs to bring their admiralty and maritime claims in state court if they so choose." *Cameron Offshore Boats v. Alpine Ocean Seismic*, 862 F.Supp. 1578, 1583 (N.D. La. 1994) (citing *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1542 (5th Cir.) *cert. denied* 112 S.Ct. 430, 116 L.Ed.2d 449 (1991)). "Ordinarily, suits brought in state court pursuant to the 'savings to suitors' clause are non-removable in the absence of diversity jurisdiction." *Id.* at 1583.

The defendants contend that such diversity exists in this case and provides the basis for removal. The plaintiff responds with an argument that even if § 1441(b) provides a jurisdictional basis for removal on diversity grounds, the defendants must still show that the admiralty and maritime claims are separate and independent under § 1441(c). That, of course is not the case. All that is necessary to invoke the second part of § 1441(b)'s provision related to "any other case" is complete diversity and more than $75,000 in controversy. Both of those elements are present here and the case is thus

removable. The court need not address the issue of alienage jurisdiction, even though that appears to provide an additional basis to support removal.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand **[#4]** filed by the plaintiff is denied.

SO ORDERED AND ADJUDGED this the 1st day of April, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE